**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARCIAL NAVARRO-RODRIGUEZ,  :
    **Petitioner**              :
                            :        **No. 1:23-cv-00884**
        **v.**              :
                            :        **(Judge Kane)**
**WARDEN F. GARZA,**            :
    **Respondent**              :

**<u>MEMORANDUM</u>**

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which

Petitioner Marcial Navarro-Rodriguez ("Navarro-Rodriguez") asserts that his continued

incarceration in federal custody violates the Constitution.  For the reasons discussed below, the

Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.      BACKGROUND**

Navarro-Rodriguez is incarcerated in Canaan United States Penitentiary ("USP-

Canaan").  He filed the instant petition to challenge his federal incarceration on May 23, 2023,

and the Court received and docketed the petition on May 30, 2023.  (Doc. No. 1.)  Navarro-

Rodriguez contends that he is being unlawfully imprisoned because his federal sentence expired

in 2017.  (Id. at 2.)

Respondent, the warden at USP-Canaan ("Respondent"), responded to the petition on

July 28, 2023.  (Doc. No. 11.)  Respondent argues that the petition should be dismissed for

failure to exhaust administrative remedies.  (Id. at 8–10.)  Respondent additionally argues that

the petition fails on its merits because Navarro-Rodriguez is serving a state sentence in federal

custody as a state boarder pursuant to 18 U.S.C. § 5003.  (Id. at 10–12.)  Navarro-Rodriguez

filed a reply brief on September 21, 2023, in which he argues, <u>inter alia</u>, that exhaustion is not

required for habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 and that exhaustion

would be futile.  (Doc. No. 14.)

## II.     DISCUSSION

The Court will dismiss this petition without prejudice for failure to exhaust administrative

remedies.  28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, but

the United States Court of Appeals for the Third Circuit has consistently required a petitioner to

exhaust his administrative remedies before filing a Section 2241 petition.  See Moscato v. Fed.

Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons:

(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates

judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources;

and (3) providing agencies the opportunity to correct their own errors fosters administrative

autonomy."  See id. at 761–62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

Exhaustion is not required when it would not promote these goals, such as when it would be

futile.  See, e.g., Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek

formal review of an issue relating to any aspect of his/her own confinement."  See 28 C.F.R. §

542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate

staff member.  See id. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit

a formal written grievance, using the BP-9 form, to the warden within twenty (20) calendar days

"following the date on which the basis for the Request occurred."  See id. § 542.14(a).  The

warden is to respond to the request within twenty (20) calendar days.  See id. § 542.18.  An

inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the

appropriate Regional Director within 20 calendar days of the date the warden signed the

response."  See id. § 542.15(a).  Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response."  See id.  The General Counsel's response is due within twenty (20) calendar days; however, the time period for response may be extended by twenty (20) days.  See id. § 542.18.

In this case, Respondent contends that Navarro-Rodriguez failed to exhaust administrative remedies because he has not filed any administrative remedy requests related to his current claims during his time in federal custody.  (Doc. No. 11 at 8–10.)  Navarro-Rodriguez replies that exhaustion is not required for Section 2241 habeas corpus petitions and that exhaustion would be futile.  (Doc. No. 14 at 13–14.)

The Court agrees with Respondent that Navarro-Rodriguez has failed to exhaust administrative remedies.  The record reflects that Navarro-Rodriguez has not filed any administrative remedy requests relating to his current petition.  See (Doc. No. 11-16).

The Court finds Navarro-Rodriguez's arguments to the contrary unavailing.  It is well established under binding Third Circuit precedent that exhaustion of administrative remedies is required for Section 2241 habeas corpus petitions.  See Moscato, 98 F.3d at 760.  As for Navarro-Rodriguez's futility argument, he has not cited any facts to show that exhaustion would be futile, nor has he developed any futility argument beyond stating that "[a]n attempt at exhaustion would have been futile."  (Doc. No. 14 at 14.)  This conclusory and unsupported assertion is not sufficient to excuse exhaustion of administrative remedies.  See, e.g., Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (affirming dismissal of petition where petitioner "failed to allege facts to support a finding that exhaustion would have been futile").

**III.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Navarro-Rodriguez's petition for writ of

habeas corpus without prejudice for failure to exhaust administrative remedies.  An appropriate

Order follows.


s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania